IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-00107-CNS

YOUR TRUE NATURE, INC.,

    Plaintiff,

v.

JF SHOW STORE *et al.*,

    Defendants.

## ORDER

Before the Court are Plaintiff's (1) Ex Parte Application For Entry of Temporary Restraining Order (TRO), Preliminary Injunction, and Order Restraining Transfer of Assets, and (2) Motion for a Status Conference. (ECF Nos. 7, 9). The Court DENIES the application for the TRO and the motion for a status conference for the following reasons.

### I. FACTS[1]

Plaintiff, owned by Scott H. Alyn, is a Colorado Corporation with its principal place of business in Fort Collins, Colorado, and licenses and sells copies of Alyn's works. (ECF No. 1, pp. 1-2). Plaintiff initiated this civil action due to alleged copyright infringement of Alyn's works and raises four claims: (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) Texas common law unfair competition; (3) Texas common law trademark infringement; and

---

[1] The facts are taken from Plaintiff's Complaint and the instant motion. (ECF Nos. 1, 7).

1

(4) copyright infringement in violation of 17 U.S.C. § 106.  (ECF No. 1, pp. 21-25).  Plaintiff seeks a TRO against the parties identified in Schedule A (the Defendants).

## II.  LEGAL STANDARD

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotations and citations omitted).  The Lanham Act does not provide for national service of process; thus, the Colorado state long-arm statute governs the analysis.  15 U.S.C. § 1051; *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004); *see* Fed. R. Civ. P. 4(k)(1)(A).  Because Colorado's long-arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause, the first inquiry collapses into the second.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

The Tenth Circuit has established general categories of websites and corresponding analyses to determine whether a website subjects its author to the general personal jurisdiction of a particular forum.  *Shrader v. Biddinger*, 633 F.3d 1235, 1240-42 (10th Cir. 2011).  These three general categories include:  (1) business websites where the site's owner clearly conducts business over the Internet between different fora; (2) passive websites; and (3) interactive websites.  *SCC Commc'ns Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (2002); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296 (10th Cir. 1999).  The Court finds that Plaintiff is alleging that Defendants are subject to personal jurisdiction based on the first category of websites.

Plaintiff argues that the Defendants are subject to personal jurisdiction in this district based on their conduct online and directing their activities towards consumers throughout the United States. (ECF no. 1, p. 2). A nonresident defendant is subject to this Court's specific personal jurisdiction only when he "has purposefully directed activities at forum residents or otherwise acted to avail himself purposefully of the privilege of conducting activities [in Colorado]." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1190 (D. Colo. 2004). A defendant has purposefully directed activities at Colorado or its residents when he has (1) taken intentional action, (2) that was expressly aimed at Colorado, (3) with the knowledge that the brunt of the injury from the action would be felt in Colorado. *Id*. The Court is cognizant that the case was transferred to the District of Colorado on January 11, 2023. (ECF No. 10). The Court, based on the facts within the current Complaint and motion for a TRO, finds that it does not have personal jurisdiction over the listed Defendants in Schedule A because Plaintiff alleges that Defendants have purposefully directed their business activities toward and conduct business with consumers in the state of Texas via their internet-based digital stores. (ECF No. 1, p. 2).

## IV. CONCLUSION

Accordingly, Plaintiff's Ex Parte Application For Entry of Temporary Restraining Order and Motion for a Status Conference are DENIED. (ECF Nos. 7, 9). Plaintiff will have fourteen (14) days from the date of this order to amend its Complaint and file a new motion for TRO.

DATED this 19th day of January 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge