IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-00107-CNS-NRN

YOUR TRUE NATURE, INC.,

Plaintiff,

v.

JF SHOW STORE *et al.*,

Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's Ex Parte Motion for Order Authorizing Alternate Service of Process on Defendants (ECF No. 27). The Court GRANTS the motion for the following reasons.[1]

## I. FACTS

Plaintiff, owned by Scott H. Alyn, is a Colorado corporation with its principal place of business in Fort Collins, Colorado, and licenses and sells copies of Alyn's works (ECF No. 23, p. 3). Plaintiff's works, as they pertain to this civil action, are registered with the Register of Copyrights (*see* ECF Nos. 23-2, 23-3). Plaintiff initiated this civil action due to alleged copyright infringement of Alyn's works and raises four claims: (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) Colorado common law unfair competition; (3) Colorado common law trademark infringement; and (4) copyright infringement, in violation of 17 U.S.C.

[1] The Court prefers that counsel use Westlaw for citations, especially for unpublished opinions. *See* Civ. Practice Standard 10.1(b)(3).

§ 106 (ECF No. 23, pp. 23-27). Plaintiff alleges that Defendants are selling counterfeit and infringing products in Colorado through their internet-based e-commerce stores (*id.*, pp. 2-3). Plaintiff seeks alternative service for the parties identified in Schedule A (the Defendants) (ECF No. 29).

In the instant motion, Plaintiff seeks leave of the Court to serve Defendants via e-mail and website posting (i.e., posting notice of the civil action at www.sriplaw.com/notice) to enjoin the Defendants from trademark counterfeiting and copyright infringement (ECF No. 27, p. 3). Plaintiff represents that Defendants operate internet-based businesses that are advertising, promoting, offering for sale, or selling goods bearing or using allegedly counterfeit, infringing, or imitations of Plaintiff's registered trademark and copyrights. Plaintiff further represents that Defendants are only identifiable by username or e-mail, can only communicate with Defendants via onsite contact forms or messaging services on the various digital commerce platforms (e.g., AliExpress.com, Amazon.com, DHGate.com, eBay.com, Shopify.com, Wish.com), and many Defendants reside in or operate from the People's Republic of China or other foreign countries (*Id.*, pp. 11-12).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(h)(2), a foreign corporation, partnership, or other unincorporated association may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." If the defendant is outside the United States, it may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents." Fed. R. Civ. P. 4(f)(1). If there are no specific means internationally agreed upon, then service is appropriate "by a method that is reasonably calculated to give notice" or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(2), (3). An individual, corporation, or association that is subject to service under Rule(f) "has a duty to avoid unnecessary expenses of serving the summons." The Court, in its discretion, may allow Plaintiff to attempt service under Rule 4(f)(3) rather than attempting service under Rule 4(f)(1) or (f)(2) first. *Clancy Sys. Int'l, Inc. v. Image Sensing Sys., Inc.*, No. 16-CV-01848-CMA-KMT, 2016 WL 9344080, at *3 (D. Colo. Oct. 14, 2016); *see also Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QiYi Innovations Tech. Co.*, No. 18-CV-02360-RM-STV, 2018 WL 6589806, at *3 (D. Colo. Dec. 13, 2018).

The federal rules, however, are silent about the method of substituted or alternative service. *See Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-CV-01640-CMA-STV, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019). Thus, in order to comply with due process, the means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

## III. ANALYSIS

Plaintiff moves to serve Defendants by e-mail and via publication on a website, and alleges that the majority of, if not all, Defendants are located in China (ECF No. 27, p. 11). Prior courts have found that service via e-mail is not prohibited by international agreement and that service on Chinese defendants via e-mail is permissible under Rule 4(f)(3). *See Beijing QIYI Century Sci. & Tech. Co.*, 2018 WL 6589806, at *3 (service upon the defendants via e-mail was permissible under

Rule 4(f)(3)); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT, 2012 WL 122862, at *3 (D. Colo. Jan. 17, 2012) (service by e-mail complies with the constitutional notions of due process); *Jackson Lab'y v. Nanjing Univ.*, No. 1:17-CV-00363-GZS, 2018 WL 615667, at *3 (D. Me. Jan. 29, 2018) (collecting cases) (finding that service by e-mail does not violate international agreement (i.e., the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, of which China is a signatory)).

Some courts within the District of Colorado have concluded that "prior to allowing substituted service under Rule 4(f)(3) the court may require that plaintiff show that he made reasonable efforts to serve the defendant [pursuant to the Hague Service Convention] and that the court's intervention will avoid further unduly burdensome or futile efforts at service." *Clancy Sys. Int'l, Inc.*, 2016 WL 9344080, at *3 (citation and internal quotations omitted). However, there is nothing within the text of Rule 4 that "suggests such a restrictive view of the availability of alternative service." *Beijing QIYI Century Sci. & Tech. Co.*, 2018 WL 6589806, at *4. The Court does not find it possible to serve Defendants other than by alternative service as their true location is unknown.

Here, service by e-mail and web publication are not prohibited by international agreement and such service is not specifically precluded by the Hague Service Convention. The United States and China are signatories to the Hague Service Convention. *See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. Article 10 of the Hague Service Convention notes that "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels,

directly to persons abroad." Hague Convention, Art. 10, 20 U.S.T. 361 (1969); *see Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015). The United States Supreme Court has held that "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). China has objected to Article 10 of the Hague Convention, thus this Court finds that service by postal channels is not permissible under Rule 4(f)(3). Service by e-mail or direct messaging through a website or social media service and by publication on a website does not constitute service by postal channels and therefore are permissible under Rule 4(f)(3). *See Maverick Trading, Inc. v. Moore*, No. 2:19-CV-00203-TC-PMW, 2019 WL 13219593, at *2 (D. Utah Aug. 8, 2019) (authorizing alternative service by e-mail, private messages via Twitter account, and website via the contact submission page); *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing alternative service by e-mail and Facebook).

The Court finds that Plaintiff has exercised reasonable due diligence to identify Defendants and that Plaintiff's request for alternative service in this case is justified. The Court is satisfied that these alternative methods of service are sufficient to place Defendants on notice of the pendency of this action and will afford Defendants an opportunity to respond to the Complaint.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Alternative Service is GRANTED (ECF No. 27). Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve each Defendant (as listed in Schedule A) (ECF No. 29) by:

(1) providing the address of Plaintiff's designated website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact

forms, or by the e-commerce platform e-mail for each of the e-commerce stores; and

(2) publicly posting a copy of the Summons, Complaint, and all filings in this matter on Plaintiff's designated website appearing at www.sriplaw.com/notice.

It is FURTHER ORDERED that in addition to the documents required to effectuate service, Plaintiff shall also include a copy of this Order and the Order regarding Plaintiff's Motion for Temporary Restraining Order (ECF No. 28).

DATED this 14th day of February 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge