IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-00107-CNS

YOUR TRUE NATURE, INC.,

    Plaintiff,

v.

JF SHOW STORE *et al.*,

    Defendants.

## ORDER

    Before the Court are Plaintiff's (1) Motion for Modification of TRO (ECF No. 36) and (2) Motion to Continue Status Conference and Extend Temporary Restraining Order for Fourteen Days (ECF No. 39). The Court DENIES the motion for modification of the TRO and GRANTS the motion to continue for the following reasons.

    On February 14, 2023, the Court denied Plaintiff's motion for leave to restrict (ECF No. 26), granted Plaintiff's ex parte motion for a temporary restraining order (TRO) (ECF No. 28), and granted Plaintiff's motion for alternative service (ECF No. 34). The Court ordered, inter alia, the parties to appear for a status conference on February 27, 2023 (ECF No. 33).

    Regarding the motion to modify the TRO, Plaintiff requests modification to require that Defendants' assets be frozen by their agents, the marketplaces, and payment processors (ECF No. 36). In the initial Order, the Court declined to enjoin the host websites under Federal Rule of Civil Procedure 65 because Plaintiff had not shown that there is privity between the host websites and

1

Defendants (ECF No. 33, pp. 8-9).  Plaintiff concedes that it did not allege that the host websites have aided and abetted in violating the law and "[t]hat was not the basis for the request that the TRO require the websites freeze the defendants' assets in their possession" (ECF No. 36, p. 2).  Plaintiff cites several unpublished federal district court cases from Illinois as proof that "other district courts have not hesitated to bind marketplaces to TROs entered in counterfeiting cases" (*id.*, p. 3).  However, the Court finds *United States v. Mercy Reg'l Health Sys., Ltd.*, No. 08-CV-0188MJR, 2008 WL 695918 (S.D. Ill. Mar. 13, 2008) persuasive.

In *Mercy Reg'l Health Sys.*, the District Court of the Southern District of Illinois ruled that the Government failed to provide authority to justify shutting down the defendant's business, that the Government's requested relief was overly broad regarding the total amount of assets that could be attributed to the fraud, and would only restrain assets in bank accounts that the Government had claimed were traceable to the violations alleged.  *United States v. Mercy Reg'l Health Sys., Ltd.*, No. 08-CV-0188MJR, 2008 WL 695918, at *3-4 (S.D. Ill. Mar. 13, 2008).  The District Court of the Southern District of Illinois also determined that it could not enjoin financial institutions or healthcare benefits programs without some showing that they fall within the scope of Rule 65(d)(2).  Plaintiff has conceded that it has not shown that there is privity between the host websites, marketplaces, and payment processors; thus, there is no basis for this Court to modify the TRO.  Like the court in *Mercy Reg'l Health Sys., Ltd.*, "it would be improvident for a financial institution to permit a restrained defendant from accessing accounts it holds in his/their name[;]" however, the Court cannot enjoin these parties under the TRO without a showing of privity under Rule 65 as "injunctions and restraining orders are not effective against the world at large."  *Id.* at *4.  Accordingly, the motion for modification of TRO is DENIED (ECF No. 36).

Regarding the motion to continue the status conference, Plaintiff alleges that some of the third-party platforms have not responded or provided the information required by the Court's TRO and needs additional time to serve all the Defendants (ECF No. 39, p. 2). Accordingly, the Court finds that there is good cause to extend the TRO by another fourteen days and the motion is GRANTED (ECF No. 39). *See* Fed. R. Civ. P. 65(b)(2).

It is FURTHER ORDERED:

1. Defendants shall have seven (7) business days to comply with this Temporary Restraining Order following notice.
2. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed with this Court and served on Plaintiff's counsel by March 14, 2023.
3. It is FURTHER ORDERED that the parties shall appear for a telephonic status conference on this matter on March 13, 2023, at 1:00 p.m. before Judge Charlotte N. Sweeney.

DATED this 22nd day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge