IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-00107-CNS

YOUR TRUE NATURE, INC.,

    Plaintiff,

v.

JF SHOW STORE *et al.*,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Leave to Conduct Expedited Third-Party Discovery and Serve Subpoena (ECF No. 49). The Court GRANTS the motion for the following reasons.[1]

The Court incorporates the facts of this case from its prior Orders herein (ECF Nos. 33, 34). Plaintiff moves for leave to conduct expedited discovery of the third-party Marketplace and Payment Processors ahead of the status conference scheduled for March 13, 2023 (ECF No. 49, p. 2).

A party moving for expedited discovery must establish good cause for the requested departure from usual discovery procedures under Federal Rule of Civil Procedure 26. *Nellson v. Barnhart*, No. 20-CV-00756-PAB, 2020 WL 3000961, at *3 (D. Colo. June 4, 2020). Good cause

---

[1] The Court prefers that counsel use Westlaw for citations, especially for unpublished opinions. *See* Civ. Practice Standard 10.1(b)(3). The Court also requests that Plaintiff use citations, when possible, to cases in the Tenth Circuit and the United States District Court for the District Court of Colorado for all future motions.

1

commonly exists in cases involving claims of infringement, unfair competition, or where discovery is unusually difficult or impossible. *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Although good cause can be shown in a case where a party is seeking a preliminary injunction, such a motion by itself is insufficient to warrant expedited discovery. *Colorado Montana Wyoming State Area Conf. of the NAACP v. United States Election Integrity Plan*, No. 22-CV-00581-PAB, 2022 WL 1443057, at *1 (D. Colo. May 6, 2022) (citations omitted) (noting that a motion for expedited discovery to obtain proof for a preliminary injunction should be granted on a limited basis).

In this case, the Court finds that good cause exists to allow expedited discovery as requested by Plaintiff. This case pertains to federal trademark counterfeiting and copyright infringement through e-commerce stores. Plaintiff seeks additional data from eBay, Shopify, Stripes, and other Marketplaces and Payment Processors as these third parties are refusing to cooperate pursuant to the terms of the temporary restraining order (ECF No. 49, pp. 1-3). In this case, the Court finds that expedited discovery is appropriate for Plaintiff to uncover information about Defendants that is in the third parties' control and for Plaintiff to assess the alleged counterfeiting activities.

"Expedited discovery may be inappropriate where defendants are required to unwarily incriminat[e] themselves before they have a chance to review the facts of the case and to retain counsel." *Pod-Ners, LLC* , 204 F.R.D. at 676 (internal quotations and citation omitted). The Court does not find these concerns are present in this case as Plaintiff is only requesting sales data, which cannot result in Defendants unwarily incriminating themselves because Plaintiff is only requesting the production of data that already exists and such request is reasonable in scope. *Id*.

Accordingly, Plaintiff's motion for expedited third-party discovery and to serve subpoena is GRANTED (ECF No. 49).

DATED this 6th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge